EASTERN DIST.
February, 1838.

LEVY
vs.
LEVY ET AL.

LEVY vs. LEVY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

| 11 | 577 |
| 121 | 795 |

An attachment will not lie in an action by one partner against the other for his share of the partnership gains, before any liquidation of the accounts between them, because the plaintiff cannot swear positively to the *amount of the sum due to him*.

The object sought by an action of one partner against another, when there has been no settlement of the partnership accounts, is to ascertain the profits, if any, that fall to the share of each, by a liquidation of the partnership affairs.

This is an attachment suit, by the widow of a deceased partner, residing in New-Orleans, against certain property here, alleged to belong to the other partner, who resides at Vicksburg, Mississippi, where the partnership was carried on, to secure the payment of a large sum, stated to be due as the plaintiff's share of the partnership.

The plaintiff alleges that the defendant, Moses A. Levy, and her late husband, began a commercial partnership in 1830, at Vicksburg, where the defendant resided, and attended exclusively to the business of the firm; that the partnership terminated in 1834, and the defendant, who has the exclusive possession and control of all the stock in trade, books of account, rights and credits of the partnership, refuses to liquidate and settle its affairs, or render any account of the partnership property, and pay over the amount due, as her share, in right of her late husband, which she alleges to be of the value of fifteen thousand dollars.

The petition further states that the defendant, in February, 1834, made a pretended donation of fourteen slaves, to his mother, Mrs. Eliza Levy, of New-Orleans, by notarial act, which sale or donation she expressly alleges, is simulated, fraudulent and null; that these slaves are yet in New-Orleans, but she apprehends they will be removed out of the state before she can have the benefit of her lien upon them; wherefore, she prays for an attachment against them to satisfy such judgment as she may obtain, and that she have judgment for the sum of fifteen thousand dollars, being the balance due, upon the final liquidation of the partnership; and that said act of donation of said slaves be declared null and void, &c. The attachment was allowed, on the plaintiff's affidavit that eight thousand dollars was due and owing to her by the defendant.

The attorneys appointed to defend the suit, excepted to the plaintiff's right to sue in this state, and that no attachment would lie in this case.

The defendant, Mrs. E. Levy, stated that she had no knowledge of the plaintiff's demand, but averred that the act of donation was valid and good.

- An issue was also made upon the merits, and the district <span>Eastern Dist.</span> judge went into an examination of all the partnership affairs, <span>February, 1838.</span> and concluded, that at the time of the dissolution of the partnership, the property and profits should be liquidated and: <span>Levy vs. Levy et al.</span> fixed at twenty thousand dollars, and that the plaintiff is entitled to one-half, or ten thousand dollars; that the act of donation is fraudulent and simulated, and must be annulled;. and that the attachment against the slaves mentioned in said act, be sustained, &c. From this judgment, both of the defendants appealed.

*Benjamin,* for the plaintiff, argued, to show that the testimony proved the donation to Mrs. Levy, to be simulated and void, and consequently, the property belonged to M. A. Levy, and would support the attachment; that the plaintiff, fully made out her claim for the amount of the judgment, and it ought to be maintained.

*Preston* and *Hoffman,* for the defendants, contended, that M. A. Levy could not be sued in Louisiana while a resident of Mississippi, there being no property of his to support the attachment. They cited 8 *Martin,* 202. 2 *Martin, N. S.,* 599. 3 *Ibid.,* 321.

- *Carleton, J.,* delivered the opinion of the court.

The petitioner, who resides in New-Orleans, sues as widow in community with her late husband Levy S. Levy, and as tutrix of their minor child; and avers, that her husband and Moses A. Levy were partners in trade and commerce, at Vicksburg in Mississippi, where their mercantile operations were carried on under the name and sole management of said Moses, from the year 1830, until August, 1834, when their partnership was dissolved; that they were prosperous in business, and that she is entitled to fifteen thousand dollars, being one-half of the profits accruing therefrom; that said Moses executed at New-Orleans, on 13th February, 1834, a simulated act of donation of fourteen slaves to his mother, Eliza Levy, one of the

defendants, with the intent to defeat the process of the law, and to prevent her from enforcing her partnership rights; and concludes with a prayer for an attachment against the slaves, as the property of Moses A. Levy, and that the donation be set aside, and declared null and void.

In her affidavit annexed to the petition, she declares, among other things, "that Moses A. Levy of Vicksburg, in the state of Mississippi, is justly and truly indebted to her, in the aforesaid capacity, in the full sum of eight thousand dollars," &c.

Process of attachment accordingly issued, and the sheriff seized and took into his possession the slaves mentioned in the petition.

The defendant, through his counsel, appointed by the court to represent him, excepted to plaintiff's right to bring her action in form of attachment; denies that the donation was fraudulent, or that he has any property within the jurisdiction of the court, and avers his ability to pay all his debts.

Eliza Levy, the donee, who is also made a party defendant in the cause, denied generally the matters charged in plaintiff's petition.

The court rendered a decree, setting aside the donation; liquidating and settling the partnership profits at twenty thousand dollars, the half of which, ten thousand dollars, was adjudged to the plaintiff as her share, to be satisfied by the sale of the slaves attached. The defendant appealed.

The exception taken by the attorney appointed to represent M. A. Levy, is in the following words: " Moses A. Levy, one of the defendants, for further answer to the petition of the plaintiff in the above suit, prays leave to except to the same, and alleges, that this action cannot be sustained, even if a partnership be shown to have existed, which, however, is not admitted, but expressly denied; because, as is alleged in plaintiff's petition, no liquidation or settlement of the affairs of the firm has ever taken place; and because the plaintiff does not seek a general and final settlement of the debts, active and passive, of the partnership, up to the time of its

dissolution, by the death of one of the partners; but sues for the absolute payment of a specific demand, which, respondent alleges, cannot be done until a final settlement takes place. Wherefore your respondent prays, that this suit may be dismissed with costs.

This exception, we think, is well taken. When partners, or either of them, reside in a distant country, it would be, to say the least, a great hardship, to compel one of them, by suit in Louisiana, to transfer his books, titles, papers and testimony hither, to explain and adjust complicated partnership transactions, which would seem of right to appertain to the forum of his own domicil.

But without determining whether a partner could be called to account under such circumstances, we are clearly of opinion, that the law does not afford a remedy by attachment, in the case now under consideration. Before that process can be obtained, the creditor is required to state "*expressly and positively the amount he claims*," and to declare under oath, the amount of the sum due to him. *Code of Practice, article* 242–3. This, it is clear, the plaintiff could not have done; and any sum she might fix upon, would be merely conjectural, and ought not to serve as the basis of a positive oath.

*An attachment will not lie in an action by one partner against the other, for his share of the partnership gains, before any liquidation of the accounts between them, because the plaintiff cannot swear positively to the amount of the sum due to him.*

The object sought by an action of one partner against another, is to ascertain the amount of profits, if any, that fall to the share of each, by a previous and necessary liquidation of their partnership affairs. Their outstanding debts and credits must be first examined and classified; the goods and property in possession inventoried, and their value fixed, in order to be divided in kind, or converted into money. The partners must account for the sums they have respectively abstracted from the common stock; their partnership debts first paid, and the balance struck, on a final and full settlement of all their concerns, before either of them could possibly know, or undertake to specify, under oath, the sum to which he was entitled.

*The object sought by an action of one partner against another, when there has been no settlement of the partnership accounts, is to ascertain the profits, if any, that fall to the share of each, by a·liquidation of the partnership affairs.*

In ordinary attachments, when the creditor has a knowledge of the debt, or the evidences of it are in his power, he

EASTERN DIST. may safely take the requisite oath. But in the case before *February*, 1838. us, the plaintiff declares in her petition " That all the stock in trade, books of account, rights, credits, goods and effects of the said partnership, now are, and have ever been, in the exclusive possession and under the control of the said Moses A. Levy." It is, therefore, by her own showing, absolutely out of her power to state " *expressly and positively the amount she claims*," or to declare under oath " *the sum that is due*."

An oath taken under such circumstances, we are of opinion, is not such as a sound interpretation of the law requires, and that process of attachment ought not, therefore, to have issued.

Several other points were raised in the cause, upon which we express no opinion, as the view we have here taken of the subject renders it unnecessary.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, the attachment dissolved, and the petition dismissed, the plaintiff and appellee paying costs in both courts.