FLOWER ET AL.
*vs.*
GRIFFITH'S
HEIRS.

FLOWER ET AL. *vs.* GRIFFITH'S HEIRS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE
PARISH OF WEST FELICIANA, THE JUDGE THEREOF PRESIDING.

Before the plaintiff can obtain an attachment, he must make a declaration
under oath, at the foot of his petition, *stating the amount of the sum due
to him.*

So, where the affidavit declared, that " *a sum exceeding two thousand dollars*
was due," the sum due was deemed to be stated with sufficient certainty,
to sustain the attachment for that amount.

This is an action of account, in which the plaintiff, as attorney in fact of the heirs of Richard A. Prime, residing in England, sues for the sum of eight thousand dollars, which he alleges to be due said heirs, from the estate of Llewellyn C. Griffith, on account of an unsettled partnership which existed for some years between the said Prime and Griffith previous to their death.

The plaintiff filed an amended petition, alleging that the heirs of Griffith resided in the state of Virginia, and that no person represented them in this state; that there was near about the sum of two thousand dollars, belonging to said estate, in the hands of the sheriff of West Feliciana. He therefore prayed that a writ of attachment issue, and that the sheriff be made a garnishee herein; that a curator *ad hoc* and attorney be appointed to represent the absent heirs, and also that auditors be appointed to investigate the affairs of the partnership, and make report thereof, and that the defendants be required to abide by the same; and finally, that he have judgment.

EASTERN DIST.
June, 1838.

FLOWER ET AL.
vs.
GRIFFITH'S
HEIRS.

The plaintiff annexed his affidavit at the foot of his petition, in which he swears, "that the heirs of Griffith are indebted to his principals, *in a sum exceeding two thousand dollars, arising from an unsettled account, etc.*"

The defendants excepted to the attachment, and averred, that this was a suit between commercial partners, or their heirs, and in such cases no other action or suit could be maintained, but for a settlement of accounts. They pray that the attachment be dismissed.

The district judge sustained the exceptions, and from judgment rendered therein the plaintiff appealed.

*Flower*, for the plaintiff, contended, that the law concerning attachments had been strictly complied with. The creditor here annexed his bond in favor of the defendant, for a sum exceeding by one-half the sum sworn to. *Code of Practice, article 245.*

2. The amended petition states, that nearly the sum of two thousand dollars was in the hands of the sheriff, and which was all the property or effects belonging to the defendants, within the jurisdiction of the court. The plaintiff only claims a sum, supposed to be less than two thousand dollars, and his affidavit states, that more than this sum was due; the bond is given for three thousand dollars, which is sufficient to support the attachment for the amount of two thousand dollars.

*Johnson, contra.*

*Carleton, J.*, delivered the opinion of the court.

An attachment was obtained in this case, upon the following oath of the petitioner :

"William Flower, of the city of New-Orleans, attorney in fact of Mary A. Prime and Cordelia A. Prime, both residing in England, being duly sworn, doth depose and say, that Cornelius Griffith and Sally Griffith, heirs of Llewellyn C. Griffith, residing in the state of Virginia, are indebted to the said Mary and Cordelia Prime, in *a sum exceeding two thou-*

sand dollars, arising from an unsettled account between Richard A. Prime and Llewellyn C. Griffith, and for which a suit has long been pending in the District Court, third judicial district, of the state of Louisiana, and 'that the said heirs of Llewellyn C. Griffith reside permanently out of the state of Louisiana."

EASTERN DIST.
June, 1838.

FLOWER ET AL.
vs.
GRIFFITH'S
HEIRS.

The defendant moved the court to dissolve the attachment on the ground that "the affidavit does not state expressly and positively the amount claimed, as the law requires."

The court sustained the exception, and the plaintiff appealed from the decree dissolving the attachment.

The sufficiency of the affidavit, is the only question which the parties present for our consideration.

We think the court erred. By the Code of Practice, article 243, the petitioner is required to make a declaration under oath, at the foot of the petition, "stating the amount of the sum due to him."

By declaring that a sum exceeding two thousand dollars was due, the affiant has specified with sufficient certainty, that at least that sum was due.

For this amount, therefore, the attachment might well lie; and as it does not appear to have issued for a greater sum, we think the court erred in dissolving it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the attachment be reinstated, and this cause remanded for further proceedings according to law, the appellee paying the costs of appeal.

*Before the plaintiff can obtain an attachment, he must make a declaration under oath, at the foot of his petition, stating the amount of the sum due to him.*

*So, where the affidavit declared, that "a sum exceeding two thousand dollars was due," the sum 'due was deemed to be stated with sufficient certainty, to sustain the attachment for that amount.*