MONTGOMERY
*v.*
MYERS.

## JOHNSON *v.* SHORT.

In an action for the settlement of a partnership, plaintiff cannot proceed by attachment, where, from the nature of the business, it is impossible that he can swear with certainty to the amount which will be found due to him on a final settlement.

APPEAL from the District Court of West Feliciana. *Weems*, Parish Judge, presiding. *A. Walker*, for the plaintiff, contended that an attachment cannot be dissolved after appeal, where no steps were taken to obtain a dissolution in the court of the first instance. Code of Practice, art. 258.

*S. W. Downs*, for the appellant. The attachment must be dissolved. See *Levy* v. *Levy*, 11 La. 581. *Brinegar* v. *Griffin*, ante p. 154.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiff and defendant were formerly associated in a partnership for keeping a hotel at Pascagoula, in the State of Mississippi. This suit was brought for the liquidation and settlement of the partnership affairs. It was instituted by attachment, upon affidavit of an indebtedness of "upwards of $10,000." There was no personal citation. The cause was tried contradictorily with a curator *ad hoc*, for whose appointment no order of court appears in the record. There was judgment for the plaintiff for $2015, as the balance due to him by the defendant upon the final settlement of the partnership accounts. After judgment became final and was signed, the defendant made a personal appearance by petition for appeal.

Of the various errors upon the face of the record assigned by the defendant, it is only necessary to notice one. He contends that a suit for the settlement and liquidation of this partnership could not be instituted and prosecuted by attachment. This subject was considered in the recent case of *Brinegar* v. *Griffin*, ante p. 154, and our opinion was there expressed. The attachment was illegally issued, and as it formed the only basis for the jurisdiction of the court, there being no personal citation, the whole proceedings were void.

It is therefore decreed that the judgment of the court below be reversed; and it is further decreed that the suit be dismissed, the plaintiff paying costs in both courts.