Morgan, J.
Belden agreed to furnish to Reed & Hunt a stock of hats, caps and straw goods, to the value of from $5000 to $15,000, the goods to be delivered from Belden’s store, at their invoice price, with three per cent, added to cover cost of transportation. It was specially-agreed that goods were to be received by Reed & Hunt as ou consignment, and that they are owned by Belden, and they were to be insured in his name, the premiums to be charged to the goods.
The proceeds of sales were to be turned over to Belden,-without deduction, every week, until all the g >ods so consigned should have been paid for. At the expiration of the term of the agreement, the parties were to settle as follows: Belden was to take the goods remaining unsold at their appraised value, and to be liable for and pay one-half of the losses, and be entitled to receive one-half of the profits. Reed & Hunt to be liable for and pay to Belden one-half of the losses and be entitled to and receive one-half of the profits of the sales of the goods; the profits to be credited and paid to each party only when realized and collected, and after the consignment of goods should have been fully paid for to Belden.
Plaintiff avers that the defendants have constantly violated their agreement; that they have failed to pay over the proceeds of sales each week, as they were bound to do, and have failed to give statements and returns of sales, and that he is entitled to the possession of the merchandise, books, etc.; that he fears, unless aided by process of law, he will be deprived of his rights. He prayed for a writ of sequestration, ordering the sheriff to take into his possession the merchand *104 ise in the hands of the defendants, which was the subject of their agreement, and that he be adjudged the owner, and be entitled to the possession thereof. The writ issued as prayed for on the affidavit of one of plaintiff’s counsel, plaintiff being absent from the State at the ■ time the suit was brought.
On the same day another petition was presented to the court in which the same allegations were substantially made, and in which it was averred that the defendants were withholding proceeds of sale amounting to at least $3500. To secure their rights they prayed for an attachment. There is no allegation in the petition upon which an attachment could issue. There is, however, the affidavit of one of plaintiff’s counsel that the defendants were disposing of their goods, rights and credits with intent to defraud their creditors. There is no-allegation in the affidavit that the plaintiff was absent when the attachment was asked for. Neither the allegations in the petition nor the affidavit were sufficient to authorize the issuing of an attachment, and it was properly dissolved.
Subsequently another petition was filed in which it was specifically alleged that the defendants were disposing of their goods with a view to deprive the plaintiff, one of their creditors, and the proper affidavit was made by the plaintiff himself.
A rule was taken to set aside this attachment; first, because the security on the attachment bond was not good; second, because the suit is based on a partnership transaction, and therefore plaintiff is not entitled to have an attachment, for the reason that he can not swear to the amount due; third, because plaintiff has not sworn to any sum certain as due him in accordance with law.
The district judge considered that the agreement between the parties was a contract of partnership, and that therefore until the rights of the parties should be settled according to law, plaintiff could not swear to the amount due, and he dismissed the attachment. Of this the plaintiff complains.
We are to determine whether the contract between the parties was a contract of partnership. In our opinion it was not. The term partnership implies a community of goods, and a proprietary interest therein. Between these parties there was no community of goods, and no proprietary interest in the goods which the plaintiff was to deliver to the defendants, and which they were to sell. It was in fact and in terms a mere consignment which they were to dispose of, and it was expressly stipulated between them that the goods so consigned were to remain the property of the plaintiff.
The terms of the agreement were, that, upon a settlement, the goods .should be taken at the price which they cost Belden, with a small per *105 centage added, and that the profits and losses should be equally divided between them. The profits made were to be their recompense; the losses, they were willing to risk in consideration of the chances of gain, but this did not make them partners with the plaintiff in the ownership of the goods confided to them for sale. How then stands the case? Plaintiff’s goods were in the possession of the defendants. They owed him a considerable amount of money; they had violated their agreement; they were disposing of their property with the view of defrauding their creditors. At least these are the allegations, and they must be taken for true as regards the issuance of the conservatory writ. Under these circumstances we think he was entitled to an attachment.
The remaining question is, whether the allegations in the petition and in the affidavit are sufficient to warrant the issuing of the writ.
Plaintiff prays judgment against the defendants for “$3500, or such amount as shall be found due.” The affidavit is that “all the facts and allegations in the above and original petition, are true and correct, and that said Read & Hunt are disposing of their goods, rights and credits with intent to defraud their creditors.”
We think the allegations are sufficient and that the affidavit was in conformity with law. See Fowler v. Griffith, 12 La. 345. Defendant contends that the case cited conflicts with the cases of Levy v. Levy, 11 La. 581 and Brinegar v. Griffin, 2 An. 154. But an examination of these cases show we think a different state of facts.
It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the case be remanded to be proceeded in according to law.