(118 So. 482)

No. 28958.

### SIGNORELLI v. FEDERICO.

April 9, 1928. On Rehearing, Oct. 29, 1928.

U. Marinoni, Jr., of New Orleans (Michel Provosty, of New Orleans, of counsel), for appellant.

Theo Cotonio, of New Orleans, for appellee.

THOMPSON, J. This suit was instituted for the liquidation and settlement of an alleged partnership.

The petition alleges that the plaintiff was no longer willing to remain bound with the defendant, and that it was his desire that the partnership be dissolved and a full accounting had, the assets of the firm sold as soon as possible, and all the property of the partnership divided after payment of all debts.

A sequestration was issued at the instance of the plaintiff, but the property seized thereunder was released to the defendant on a bond of $4,000.

The defendant admitted entering into what he styles a working business arrangement, but denied such agreement constituted a partnership.

It was alleged: That the defendant was a paving contractor, and that the plaintiff offered to loan him the sum of $4,000 to be used as additional capital in his business. That he accepted said offer and, in consideration thereof, agreed to allow the plaintiff one-third of the profits. That under said arrangement defendant was to remain in sole control of the property, contracts, checking account, etc. That the plaintiff only contributed $1,900 to the capital of said business arrangement, and that on August 26, 1925, defendant notified plaintiff that the said business arrangement was at an end as of that date.

It was denied that the plaintiff, by reason of said business arrangement, had any claim to, or ownership whatever in, the property of said defendant.

After a trial, there was judgment in plaintiff's favor for $1,306.52, and the writ of sequestration was made perpetual and that "plaintiff have full benefit thereof in all respects."

A fee of $250, in favor of an expert accountant appointed by the court, was taxed as costs against the defendant.

The case was taken up for trial on April 7, 1926, and after some testimony was heard, was continued until April 15, 1926. On the latter date, after hearing more testimony, the court reached the conclusion that a partnership had been established, beginning April 10, 1925, and terminating on December 24th of that year. Thereupon, the court on its own motion, appointed J. K. Byrne, certified public accountant, to investigate the books of the partnership between the dates mentioned, and to report to the court as to the rights of the parties inter cesse on the liquidation of the partnership, to the end that the court might render judgment correctly, settling the account between them.

The accountant completed his report on June 10, 1926, and filed it in the court on the 17th of that month. The report purported to show the total assets as well as the total liabilities of the partnership, and an analysis of the account of each partner in his relation to the partnership.

On February 23, 1927, the defendant took a rule on the plaintiff to show cause, at a date named, why the report of the auditor should not be approved and his fee fixed by the court.

To this rule the plaintiff excepted for various reasons not necessary to here mention.

It is not made to appear from the record what disposition was made of the rule and opposition thereto.

The trial of the case, however, was resumed on April 26, 1927, and judgment was rendered in favor of plaintiff. That judgment does not appear on the minutes. A rehearing was immediately granted to correct an error as to a certain payment which was claimed to have been made by the plaintiff, but which, in truth, had been made by the defendant.

On the rehearing, June 2, 1927, judgment was rendered from which this appeal was taken.

The case presents some unusual and unique features. The suit, as already observed, was for the liquidation of an alleged partnership, and while the court found there was a partnership which had been dissolved, and while there were assets and tangible property belonging to the partnership, the court gave judgment in favor of one partner against the other for a specific sum, and made no disposition of the partnership assets which were under seizure.

Another strange feature: In the court below the defendant moved to have the report of the expert appointed by the court approved, while the plaintiff opposed the same. In

this court the position of the parties is reversed.

The defendant is not satisfied with the judgment, which was supposedly based on the report of the expert; whereas, the plaintiff asks that the judgment be affirmed, with damages for a frivolous appeal.

The trial of the case, and the testimony taken after the report of the accountant, was confined, largely to the correctness or incorrectness of that report.

Both plaintiff and defendant were recalled for examination in connection with matters covered by the report. The accountant and his assistant were also called, and testified in explanation of the report.

Neither the plaintiff nor the defendant knew anything about bookkeeping, and it is admitted that the sort of books that were kept did not reflect all of the transactions had in relation to the business, nor did such books intelligently present the matters that were entered thereon.

If the case had to be decided on the testimony of the parties themselves, it would be difficult to render a judgment that we could feel sure would do justice between them.

The court must necessarily, therefore, have recourse to the report and the testimony of the public accountant and his assistant, who were appointed for the express purpose of adjusting, if possible, the differences between the parties as shown by the books and records.

The report of the accountant, and his evidence, and that of his assistant, show that the plaintiff paid into the partnership $1,900; that his share of the net profits was $685.81; that he drew out of the firm $1,666.71.

The report and the testimony show, also, that the defendant paid into the partnership, in merchandise and money, $3,871.12; that his share of the profits was $685.81; that he drew out of the firm $2,856.25.

From which it appears that the defendant contributed to the firm $1,971.12 more than the plaintiff. In order to equalize the capital, the plaintiff therefore owes the defendant one-half of that difference, or, say, $985.56.

That the defendant withdrew from the firm $1,189.54 more than did the plaintiff. In order to equalize the withdrawals, the defendant owes the plaintiff one-half of that amount, or, say, $594.77.

The difference between the amounts due respectively to each other is $390.77 in favor of defendant, and he should have judgment for that sum.

The report of the accountant shows that at the date the partnership terminated, there were assets on hand consisting of accounts receivable, merchandise in stock, auto trucks, tools, etc., amounting to $8,127.88. There were bills and notes payable amounting to $4,939.39.

As we have already observed, the judgment makes no disposition of the property of the partnership, although that property was under seizure and represented by the forthcoming bond of the defendant in the sum of $4,000.

Nor does the judgment provide for the payment of the outstanding partnership debts.

In other words, the judgment does not pretend to make a complete and final adjustment and liquidation, as between the partners, with reference to the partnership property.

There may arise cases in which a settlement of partnership accounts between the partners should be decreed without, at the same time, directing a partition of the assets of the partnership.

Such a case is not presented here.

The partnership was dissolved by mutual consent, and the plaintiff's prayer is for a complete liquidation of the partnership affairs, for a sale of the property, and for a partition of the proceeds equally between the partners after the debts are paid.

The plaintiff is clearly entitled to that relief.

The defendant complains that the whole of the fee due the accountant, as fixed by the court, was taxed as costs against him; whereas, it should have been taxed against the partnership, or the partners equally. It was necessary to appoint an auditor to determine the respective rights and claims of the partners. There is no good reason why the fee of the expert should not be shared equally as well as all other costs.

It is therefore ordered and decreed that the judgment appealed from be avoided and reversed, and it is now ordered and decreed that the defendant have judgment against the plaintiff for $390.77, with legal interest from judicial demand (January 11, 1926) till paid.

It is further ordered that this case be remanded to the district court, to the end that the assets of the partnership may be partitioned according to law, either in kind or by public sale, and that the proceeds of such sale be divided equally between the partners after the payment of all debts of the firm.

It is further ordered that all costs, including the fee of the accountant, be paid equally by plaintiff and defendant.

### On Rehearing.

O'NIELL, C. J. The plaintiff sued for a settlement of a partnership and sequestered the partnership assets. The defendant furnished bond and regained possession of the property, and undertook to dispose of it and pay the debts. Answering the suit, he denied that there was a partnership.

During the trial of the case, the judge concluded that there was a partnership, and that it was dissolved on the 24th of December, 1925. He therefore stopped the trial and appointed an accountant to audit the books and make a report showing the relative rights of the parties.

The report showed that, charging the

defendant with all of the assets of the partnership, which he had taken possession of, and giving him credit for the partnership debts which he had paid, he owed the plaintiff $987.81, and that there was a so-called suspense account of $137.42, which the auditor thought should be divided equally; so that the defendant owed the plaintiff $1,056.52. The plaintiff testified and convinced the judge that there was a further item of $500 due him, and, accordingly, the judge rendered judgment in his favor for $1,556.52. Thereafter, on application for rehearing, the defendant convinced the judge that he had refunded the item of $500 three days after the dissolution of the partnership. The judge therefore granted a new trial, and reduced the amount of the judgment to $1,306.52. It is from that judgment that the defendant has appealed.

It appears from the auditor's report, and seems quite plain, that the judge should have deducted the whole $500, instead of $250, from the amount of the judgment which he first rendered, $1,556.52, and should have given judgment for the $1,056.52 shown to be due by the auditor's report. Inasmuch as the court was in error in adding the $500 to the amount shown to be due the plaintiff by the auditor's report, the way to correct the error was to deduct the whole $500, not half of it. The judgment appealed from, therefore, should be reduced to $1,056.52.

We adhere to our original opinion that the partnership should be taxed for the costs of this suit, including the auditor's fee of $250; which means that each party shall pay half of the costs.

We have concluded also that the plaintiff is not entitled to interest from judicial demand, but only from the date of the final liquidation and settlement of the partnership, which was on the 2d of June, 1927, when the civil district court rendered its judgment.

The judgment appealed from is reduced to

$1,056.52, which shall bear legal interest from the 2d of June, 1927; and, as amended, the judgment is affirmed. Each party is to pay half of all court costs, including the auditor's fee of $250.

THOMPSON, J., dissents.