HIGGINS, Justice.
 

 This is a suit for the dissolution and liquidation of an ordinary co-partnership arising from the alleged violation of the provisions of the written partnership agreement. The plaintiff prayed for service of the petition and citation upon the defendant, and also asked that the court issue a rule directed to the defendant to show cause why a receiver or liquidator should not be appointed for the partnership, pending its dissolution and liquidation.
 

 The respondent judge granted the rule to show cause on. June 23, 1938, making it returnable on July 11, 1938. On the date set for the hearing of the -rule the trial judge sustained an exception filed by the defendant, which was based on the ground that plaintiff was without any legal right to proceed by summary process or rule, recalled the rule, and placed the case on the ordinary docket for trial.
 

 The plaintiff then applied to this court for writs of certiorari, mandamus and pro
 
 *161
 
 hibition, alleging that since the action was for the purpose of effecting the dissolution and liquidation of the partnership and the partition of its property and assets, it was of a summary nature and, therefore, the trial judge erred in placing it on the ordinary docket.
 

 The plaintiff instituted the proceedings under the provisions of Articles 2887, 2888, 2889, 2890 and 1328 of the Revised Civil Code, and seeks to have the partnership dissolved before the time expressly provided for in the articles of co-partnership. If the plaintiff failed to prove the alleged misconduct of his partner, the district judge would be obliged to dismiss his suit and, therefore, there would be no reason for the trial judge to order a partition of the property of the partnership or the liquidation of its affairs. The partition of the partnership’s property or the liquidation of its affairs takes place after the partnership has been dissolved for one of the causes provided by law. In short, the issue of whether or not the partnership should be dissolved is separate and distinct from the question of the partitioning of the property or the liquidation of the affairs of the dissolved partnership. In the instant case, the plaintiff has coupled the action for dissolution of the partnership and the action for partition of its property and liquidation of its affairs. The former might be an ordinary action and the latter a summary one, but as the latter only comes into legal existence after the partnership has been dissolved, the question of dissolution necessarily precedes it and must be decided first.
 

 A litigant cannot by coupling a summary action with an ordinary one deprive the defendant of his right to have the ordinary action instituted legally, i. e., through service of a copy of the petition and citation and not by a rule or summary process.
 

 In the Succession of Gary, 120 La. 1028, 46 So. 12, it was held that the right to initiate an original judicial proceeding by rule or summary procedure must be expressly authorized by statute. See, also, Article 754, Code of Prac.; Fischel v. Mercier, 32 La.Ann. 704, 708.
 

 In support of his contention that this is a summary matter, counsel for the relator refers us to the case of Palmer v. Palmer, Woolf & Gray, 183 La. 458, 164 So. 245, and Articles 2890 and 1328 of the Revised Civil Code. These articles, by their own language, are limited to only an action of partition and have no reference to an action for the dissolution of a partnership, which, as we have pointed out, is a distinct and separate action from an action of partition.
 

 The above authority is not applicable because there the partnership hád been dissolved by death of one of the partners one year prior to the filing of the suit, and the action, therefore, was one of partition or liquidation of the partnership’s affairs and not an action for its dissolution. The.case simply holds that an action for the partition of the property or liquidation of the affairs of a partnership, which has been dissolved by the death of one of the partners, is a summary and not an ordinary action.
 

 
 *163
 
 Counsel has not cited any statute or decision which holds that an action for the dissolution of the partnership is a summary and not an ordinary one. In the absence of any rule of law making such a case a summary proceeding, the defendant was entitled to be proceeded against in the ordinary way through service of a petition and citation.
 

 For the reasons assigned the rule nisi is dismissed at relator’s costs.