LAND, Justice.
 

 . On November 18th, 1940, Fred W. Smith filed a petition in the Civil District Court for ’the Parish of Orleans, alleging that Clarence Kinchen, his copartner in the A. A. A. Auto Wrecking Company, had committed certain alleged illegal acts in violation of the partnership agreement.
 

 Petitioner prayed that the court order the dissolution and liquidation of the co-partnership; that an order be rendered appointing a judicial liquidator and receiver of the copartnership, with full powers to hold, administer, manage and dispose of the property and assets of the copartnership, in such manner as the court shall direct; that an inventory and appraisement be taken of the property and assets of the co-partnership; that a complete settlement be made of the copartnership affairs; and that petitioner’s copartner, Clarence Kinchen, be ordered to make a full accounting of the partnership affairs to Fred W. Smith, petitioner herein.
 

 On November 18th, 1940, when the petition was filed in the Civil District Court, the casé, in due course, was allotted to the Honorable Walter Gleason, judge of Division “D” of the court. Whereupon, on the same day, the judge entered thereon an order reading as follows:
 

 “Order
 

 “Let Fred Mattern be and he is hereby confirmed as judicial liquidator and receiver of the A. A. A. Auto Wrecking Company, a copartnership, and let letters as such issue to him upon his furnishing bond
 
 *725
 
 with good and solvent surety, in the sum of $4,000.00 and taking oath, the said judicial liquidator and receiver to have full powers to hold, administer, manage and dispose of the property and assets and income of the said copartnership in such manner as the Court shall direct.
 

 “New Orleans, Louisiana, November 18th, 1940.
 

 “(Signed) Walter L. Gleason
 

 “Judge.”
 

 “Order
 

 “Let an inventory of the property and assets belonging to the copartnership, A. A. A. Auto Wrecking Company, be taken by Dudley Yoedicke, Notary Public, and let W. McDermott and H. Ludlow be appointed as appraisers to value the said property and assets.
 

 “New Orleans, Louisiana, November 18th,- 1940.
 

 “(Signed) Walter L. Gleason
 

 “Judge.”
 

 The record shows that on November 18th, 1940, Fred Mattern furnished bond in the principal sum of $4,000 with Elsie Carroll as surety, and, on the same day, November 18th, 1940, Fred Mattern took the oath as judicial liquidator and receiver.
 

 The record shows further that citation was not served on the defendant, Clarence Kinchen, until November 19th, 1940, the day following the appointment and qualification of the judicial liquidator and receiver.
 

 On November 20th, 1940, the defendant, Clarence Kinchen, filed a motion suggesting to the court that the appointment of Fred Mattern, as judicial liquidator and rer ceiver, on the ex parte application of Fred W. Smith, his copartner, is illegal and without sound basis in law, in that it attempts to deprive mover of his right to have an ordinary action instituted legally through service and citation. Mover further suggested to the court that the court recall, set aside and vacate said order appointing Fred Mattern as judicial liquidator and receiver of the A. A. A. Auto Wrecking Company.
 

 On the refusal of this motion by the court, the defendant applied to this court and prayed that, under its supervisory jurisdiction, this court order a certified copy of the aforesaid proceedings sent to it, to the end that their validity may be ascertained and that, in due course, the same may be dismissed, or that respondent judge, Walter Gleason, Fred W. Smith, and Fred Mattern be prohibited from proceeding further in this cause, or under the order rendered therein on November 18th, 1940.
 

 The basis of relator’s application to the supervisory jurisdiction of this court for relief is:
 

 (1) “That this order was entered without any notice to your petitioner and solely on the ex parte allegations of the plaintiff below, Fred W. Smith; that he is a partner in the business, and that your petitioner violated the partnership agreement.
 

 (2) “That the plaintiff below has attempted to couple a summary action with
 
 *727
 
 an ordinary action and in this fashion deprive your petitioner of his right to have the ordinary action instituted legally through service óf a copy of the petition and citation.”
 

 Relator, in our opinion, is clearly entitled to the relief for which he prays,
 

 In Dunlap v. Ramsey & Dunlap et al., 191 La. 158, at page 159, 184 So. 710, it is held by the court that: “A litigant cannot, by coupling a summary action with an ordinary action, deprive the defendant of his right to have the ordinary action instituted legally through service of a copy of the petition and citation and not by rule or summary process.
 

 “An action for dissolution of partnership was an ‘ordinary action’ and not a ‘summary action,’ and defendant therein was entitled to be proceeded against in the ordinary way through service of a petition and citation,
 
 notwithstanding that plaintiff also sought liquidation of partnership affairs.
 
 Rev.Civ.Code, arts. 1328, 2887-2890; Code Prac. art. 754.” (Italics ours.)
 

 It is ordered that the order signed herein by respondent judge, Hon. Walter L. Gleason, on November 18th, 1940, confirming Fred Mattern as judicial liquidator and receiver of the A. A. A. Auto Wrecking Company be and the same is hereby vacated and set aside.
 

 It is now ordered that respondent judge, Hon. Walter L. Gleason, Fred W. Smith, plaintiff, and Fred Mattern, herein appointed judicial liquidator and receiver of the A. A. A. Auto Wrecking Company, be and each of them is hereby prohibited from taking any further proceedings under said order of date November 18th, 1940.
 

 It is further ordered that Fred W. Smith, plaintiff, pay the costs of this proceeding.