**16 So.2d 896**

**SKLAR v. KAHLE.**

**No. 35909.**

Feb. 7, 1944.

J. S. Pickett, of Many, for appellant.

R. A. Fraser, of Many, for appellee.

FOURNET, Justice.

The plaintiff, Sam Sklar, alleging that he and the defendant, Dr. P. J. Kahle, are the co-owners of a certain producing oil, gas, and mineral lease (as well as certain drilling and operating machinery and equipment on the premises) which is being operated by them as a joint adventure or co-partnership, instituted this suit to have the partnership liquidated and its assets partitioned on the ground that the defendant has failed and refused to pay his share of the expenses of operation in accordance with their agreement, ruling Dr. Kahle to show cause why a receiver should not be appointed to take charge of the property

and operate it as a going concern during the liquidation of the partnership and its affairs.

In response to the rule the defendant filed (1) exceptions of no cause and no right of action, (2) vagueness, and (3) an answer in which he admitted the plaintiff's co-ownership of the lease and equipment, as described in the petition, but generally denied all of the other allegations.

The trial judge overruled the exceptions and appointed a receiver to take charge of the business and property of the partnership with full powers of administration in order that it might be operated as a going concern during the pendency of the litigation, from which judgment the defendant obtained a suspensive appeal, this court sustaining his right to a devolutive appeal only upon the plaintiff's motion to dismiss the appeal. Sklar v. Kahle, 196 La. 137, 198 So. 883.

Partnership property cannot be partitioned or the affairs of the partnership liquidated until after the co-partnership has been dissolved for one of the causes provided by law—Articles 2887–2890 of the Revised Civil Code. See Dunlap v. Ramsey & Dunlap, 191 La. 158, 184 So. 710. In the instant case the plaintiff has not alleged there is any mismanagement or waste in the operation of the lease. As a matter of fact, the court appointed as the receiver the same person that had been selected by the plaintiff and the defendant to operate their lease. It is our opinion, therefore, that the court was not justified in appointing a receiver pending the determination of plaintiff's action to have the partnership dissolved and the property partitioned.

For the reasons assigned, the judgment appointing a receiver to administer the affairs of the partnership is annulled and set aside; all costs of this appeal are to be borne by the plaintiff, all future costs are to await the final outcome of this litigation.

O'NIELL, C. J., concurs in the decree.