McCALEB, Justice.
Plaintiff seeks a judicial dissolution, settlement and accounting of an ordinary partnership which he allegedly formed with defendant on May 1, 1947 for the purpose of engaging in business as consulting radio engineers. He asserts that, since October 1947, the books, records and other accounts have been under the supervision and control of the defendant; that the latter, during July 1948, furnished an unsatisfactory statement of the operations and that, on July 31, 1948, he notified defendant that, in view of his failure to make proper distribution and division of income, the partnership was thereupon to be terminated. Wherefore he prayed for an accounting and settlement of the partnership affairs.
After citation and service of the petition, defendant appeared by way of rule in which he alleged that plaintiff had withdrawn $10,-000 from the partnership bank account, just a few hours prior to the filing of the suit, which he had appropriated to- his own use and prayed that he be ordered to restore this sum, either to the credit of the partnership bank account or by depositing it in the registry of the court, under penalty of dismissal of the suit. Conformably, a rule to show cause issued and, after a hearing, was made absolute by the trial judge who found that plaintiff's withdrawal of the $10,000 had “effectively prevented this Court from granting the major portion of the relief requested, that is the ordering of a settlement of the partnership affairs and an equal distribution of the profits and assets thereof”. Accordingly, it was ordered that plaintiff restore the money on or before October 6, 1948 or suffer dismissal of his suit.
Plaintiff did not comply with the order of the judge. Instead, he unsuccessfully sought to invoke the supervisory jurisdiction of this court.[1] Thereafter, upon dismissal of his action, he prosecuted this appeal.
*162 The foregoing statement of the proceedings below suffices, in our opinion, to expose the error of the ruling of the district court. Initially, the use by defendant of summary process to secure return of the funds withdrawn by plaintiff from the partnership account, in advance of a trial on the merits for an accounting and settlement between the partners, is novel, to say the least, and we have been referred to' no provision of law or rule of practice sanctioning such procedure. Furthermore, the order requiring plaintiff to repay $10,000 or suffer a dismissal has the effect of forcing him to account in advance as a condition precedent to the assertion of the rights and remedies accorded him by law (Article 2890 of the Civil Code; Martin v. Seabaugh, 128 La. 442, 54 So. 935; Dunlap v. Ramsey & Dunlap, 191 La. 158, 184 So. 710; Sklar v. Kahle, 205 La. 31, 16 So.2d 896) for a settlement and liquidation of the partnership.
Counsel 'for defendant attempt to justify their unique procedure on a theory of equity, i. e., that plaintiff, by withdrawing $10,-000 immediately before filing the suit, comes into court with unclean hands and that the prestige of the court would be seriously impaired if it did not compel him to restore the funds before taking cognizance of his action.
These arguments are not impressive. Defendant’s position can hardly be viewed as equitable and his concern over a possible impairment of the court’s dignity is unsubstantial. If plaintiff has wrongfully withdrawn funds, the court will require him to account in the settlement of the affairs of the partnership but this affords no1 ground to coerce him to disgorge the money in advance of a hearing on the merits.
Defense counsel place reliance on the case of Foreman v. Pelican Stores, La.App., 21 So.2d 64 to sustain the ruling below. There, plaintiff sued for salary and commissions for services rendered as manager of defendant’s liquor store. Defendant denied liability and filed a reconventional demand' for an accounting by plaintiff for monies, allegedly embezzled by him while in its employ. On the trial of the case, defendant sought to establish its reconventional demand by cross-examination of the plaintiff but this effort was thwarted by plaintiff’s plea of immunity that answers to the questions propounded might incriminate him. In these circumstances, the trial court granted judgment in favor of plaintiff for a specific amount of salary and commission found to be due but ordered him to render an accounting to defendant within 30 days from the date of the judgment. On appeal by defendant, the Court of Appeal found that plaintiff’s right to recovery should, in common justice, be conditioned upon him rendering an accounting to defendant and it was ordered that, unless it was given within 30 days from the finality of the judgment, the suit should be dismissed.
Obviously, that decision bears little resemblance to the case at bar. Indubitably, it is plaintiff’s obligation, as well as that *164 of defendant, to account in the settlement of the partnership. But this furnishes no basis for the ruling that plaintiff must return partnership funds before he can pursue his action.
The judgment appealed from is reversed and the case is remanded to1 the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are to be paid by defendant; taxing of all other costs are to be deferred until final judgment.

. Plaintiff’s application for writs was refused on the ground that he had a remedy by appeal.