55 So.2d 889

**VOINCHE v. LECOMPTE TRADE SCHOOL.**

No. 40555.

Dec. 10, 1951.

J. Martin Shevnin, Alexandria, for plaintiffs.

Edwin L. Lafargue, Baton Rouge, Chas. A. Riddle, Jr., Marksville, for respondent.

MOISE, Justice.

This is an action, brought in ordinary form, for dissolution of a partnership alleged to exist between respondent plaintiff and defendant relators, James W. Dyer and Newton Guy (known as "Lecompte Trade School" or "Lecompte Veterans Training School"), and for an accounting of the alleged partnership's affairs. Plaintiff's petition prayed for: (1) the issuance of a rule to defendants to show cause why the books of the partnership should not be examined by his accountant and their auditor, and after due proceedings said rule to be made absolute and said experts ordered to examine and report on the books and accounts of the School; (2) service and citation of defendants to answer the petition; (3) judgment homologating the experts' report, after all legal delays and due proceedings; and (4) judgment of dissolution.

The rule to show cause was fixed for trial and argued on an exception of no cause or right of action, the substance of defendants' contention being that plaintiff could not proceed by rule or any other summary process in a suit for dissolution of a partnership. The exception was overruled, defendants were ordered to name their auditor and refused, whereupon the court appointed one to serve with plaintiff's

accountant in examining said books and to make a report within 30 days. Defendants thereupon filed answer, denying the existence of the partnership, and asked for permission to introduce proof in support of said answer; permission was refused, "the matter having been before the Court only on exception". Defendants then applied to this court for writs of certiorari, prohibition and mandamus, and for an order staying execution of the judgment on rule, which were granted. The matter is now before us for review.

The question presented is the correctness of appointing auditors to examine the books of the alleged partnership previous to a trial on the merits and final judgment of dissolution.

Defendants contend that plaintiff · has coupled the action for dissolution of the partnership, an ordinary action, with one for partition of its property and liquidation of its affairs, a summary action that could only come into existence after a decision on the question of dissolution. They cite in support of their argument Dunlap v. Ramsey & Dunlap, 191 La. 158, 184 So. 710; In re A. A. A. Auto Wrecking Co. (In re Kinchen), 196 La. 722, 200 So. 16.

Plaintiff, on the other hand, argues that this *is* an ordinary action, as defined in Article 98 of the Code of Practice, both as respects the demand for dissolution as well as the demand for an accounting, and was accompanied· by personal service and citation upon defendants, and that the rule for the appointment of auditors is only incidental to the principal demand, and its issuance is sanctioned and authorized by Articles 442, 443 and ·755 of the Code of Practice of 1870, reading as follows:

"442. Experts *may* be appointed whenever the court deem them necessary in order to obtain information, or at the request of parties to the suit."

"443. In causes which require the investigation of long and intricate accounts, the court *may* appoint auditors to examine such accounts, and who shall state the same in their report to the court."

"755. Besides the cases specially directed by law, judgment shall be pronounced summarily:

"1. On all incidental questions arising in the course of a civil trial; * * *."

The jurisprudence is well settled that the right to proceed by rule or on motion implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law. Thomas v. Bourgeat, 6 Rob. 435, 437; Brinegar v. Griffin, 2 La. Ann. 154; Johnson v. Short, 2 La.Ann. 277; Levy v. Levy, 11 La. 577 (all dealing with partnerships); Baker v. Doane, 3 La. Ann. 434; Mussina v. Alling, 12 La.Ann. 799; Sharp v. Bright, 14 La.Ann. 390 (concerned with actions against sureties). In Succession of Shelly, La.App., 180 So.

452, it was held that an action in jactitation cannot be commenced by summary process; in Sumner v. Dunbar, 12 La.Ann. 182, it was held that a debtor cannot have his creditor's judicial mortgage erased and cancelled by summary rule, but must proceed by direct action; in Nolan's Heirs v. Taylor, 12 La.Ann. 201, it was held that an attorney could not recover fees by rule after final judgment had been signed; in State ex rel. Hymel's Heirs v. Johness, Inc., 196 La. 159, 198 So. 890, it was held that mandamus could not be brought to cancel a contract of sale from conveyance records without first bringing an ordinary suit to annul the contract itself; in Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739, it was held that where a right of action arises by special Legislative act, which also prescribes the remedy, by ordinary proceedings, then summary proceedings are not authorized. We do not find fault with the views expressed, applying the law to the facts of the cited cases.

In the instant case, an analysis of the relief sought by plaintiff leads us to the conclusion that the summary rule for appointment of auditors was merely incidental to the prosecution of the litigation —an ordinary action accompanied by service of citation and petition—particularly since the existence of any partnership is denied by defendants. As a matter of precedent, the same argument advanced by defendants was rejected in Mills v. Fellows, 1878, 30 La.Ann. 824, 826 with the following comment:

"Plaintiff, having filed a supplemental petition reiterating in substance his previous allegations of the existence of the partnership, and charging that defendant was making way with partnership assets, obtained a sequestration.

"Defendant excepted, 'that until the issue of partnership or not partnership, which is raised in his answer, shall be finally heard and determined, there can be no examination into the accounts and affairs of the alleged partnership.' This exception was properly overruled. *Under our practice nothing prevents the cumulation of demands for the double purpose of establishing the existence of a partnership, if denied, and* for its liquidation when established." (Italics mine.)

Moreover, in the Mills case defendant in answer to rule to produce the books of the alleged partnership reiterated his denial of its existence and alleged that they were his private property, as have defendants herein. We concur in the observation as there made, that the books at least would prove the existence, or nonexistence, of the alleged partnership.

The cases relied on by defendants, cited supra, are not in point. In the Dunlap case dissolution was predicated on an alleged violation of a written partnership agreement before the term expressly provided for. The summary relief there

sought was the appointment of a receiver or liquidator (which the trial court refused, sustaining defendant's exception); and we observed that if plaintiff "failed to prove the alleged misconduct of his partner, the district judge would be obliged to dismiss his suit, and, therefore, there would be no reason for the trial judge to order a partition of the property of the partnership or the liquidation of its affairs." In the A. A. A. case, the order appointing a judicial liquidator was entered the same day that the petition for dissolution was filed, on ex parte allegations of plaintiff, and the defendant partner was not served until the day following the appointment and qualification of said liquidator.

The Dunlap and A. A. A. cases can be easily differentiated from the instant case. Defendants have not had the control of their property arbitrarily taken from them; they are being required merely to subject their books to judicial scrutiny, which the court ex proprio motu could order. Signorelli v. Federico, 167 La. 5, 118 So. 482. They had an opportunity to appoint their own accountant and refused; but they are not precluded from traversing the report when returned. As a matter of law, it is not even mandatory for the trial judge to accept the report. In the final analysis, all that the examination of the books will accomplish is a finding of evidence on a controversial fact at issue.

The writs and stay order issued herein are recalled.

HAWTHORNE, J., dissents and assigns written reasons.

LE BLANC, J., dissents.

HAWTHORNE, Justice (dissenting).

Plaintiff in this suit prayed for the dissolution of a partnership which he alleged existed between him and the defendants. He prayed for service of the petition and citation upon the defendants, and also prayed the court to issue a rule directed to the defendants to show cause why expert accountants should not be appointed to audit the books and records of the alleged partnership and why the audit so made by the accountants should not be approved and homologated by the court.

On the day set for the hearing of the rule so obtained, defendants appeared and filed an exception based on the grounds that in a suit for the dissolution of a partnership plaintiff must proceed by ordinary suit, and that the law does not permit the issuance of a rule or any other form of summary process as prayed for by the plaintiff herein. In their answer filed at the same time they also reiterated the grounds set forth in their exception to the rule, alleging that the petition did not state a cause or right of action, and further denied the very existence of the partnership of which the plaintiff sought the dissolution.

After hearing the exception the trial judge issued an order permitting the plain-

tiff to inspect the books of the trade school without its having been proved or established that he was in fact a partner.

Under the jurisprudence of this state, an action for the dissolution of a partnership is an "ordinary action" and not a summary action. Dunlap v. Ramsey & Dunlap, 191 La. 158, 184 So. 710; In re A. A. A. Auto Wrecking Co., 196 La. 722, 200 So. 16. The sole question presented, then, is whether the plaintiff can couple with the ordinary action a summary action for the appointment of accountants to audit the books and records of the defendants.

Article 754 of the Code of Practice provides: "The summary process is to be used in every case where it is expressly prescribed by law." In numerous decisions of this court it has been held under the authority of this article that the right to initiate an original judicial proceeding by rule or summary process must be expressly authorized by statute. Succession of Gary, 120 La. 1028, 46 So. 12; Adams v. Ross Amusement Co., Inc., 182 La. 252, 161 So. 601; Succession of Esteves, 182 La. 604, 162 So. 194; Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739.

I know of no law or statute which expressly authorizes summary process as prayed for in plaintiff's petition. The majority as authority for such a law or statute relies on Article 755 of the Code of Practice, reading as follows:

"Besides the cases specially directed by law, judgment shall be pronounced summarily:

"1. On all incidental questions arising *in the course of a civil trial;* * * *." (Italics mine.)

In my opinion, the quoted portion of this article is not applicable to the instant case for the reason that plaintiff's right to have defendants' books audited has not arisen *in the course of a civil trial.* If the majority is correct, all the plaintiff in any civil action has to do to be entitled to summary process would be simply to file a suit and pray, among other things, for summary process. To me, the questions arising under such a prayer are not ones "in the course of a civil trial".

I do not question the right of the trial judge to order an audit of the books if it should become necessary during the course of the trial, that is, after issue joined and during the trial of the case, to determine some incidental question. Furthermore, the law grants to plaintiff a right to have the books and accounts of defendants produced, if he desires to do so, by writ of subpoena duces tecum under the provisions of Article 473 of the Code of Practice, which reads as follows:

"If one of the parties wish to obtain books, papers, or other documents in the possession of the adverse party, the court shall order, on motion of the party applying for the same, that such books, papers,

or documents be brought into court and produced on the day fixed for the trial of the cause. The order must describe such books, papers, or documents."

To obtain the production of these books, however, the plaintiff must declare in writing and on oath what are the facts he intends to establish by them. Art. 140, Code Prac.; Murison & Co. v. Butler, 18 La. Ann. 296. See Gottlieb-Knox-Amiss Ins. Agency v. Henry Cohn, Jr., Co., Limited, 128 La. 697, 55 So. 21.

Plaintiff has not elected to proceed under the right given him by Article 473, but has elected to couple a summary process with an ordinary suit, and this procedure is not expressly authorized by any law of this state and in fact is not permitted.

In Dunlap v. Ramsey & Dunlap, supra [191 La. 158, 184 So. 710], plaintiff instituted an ordinary suit for the dissolution and liquidation of a partnership based on the alleged misconduct of his partner, and prayed for service of the petition and citation upon the defendant, and also for a rule directed to the defendant to show cause why a receiver or liquidator should not be appointed for the partnership pending its dissolution and liquidation. The defendant filed an exception to the rule, which was sustained by the lower court, based on the ground that plaintiff was without any legal right to proceed by summary process or rule. In the course of that opinion this court said:

"A litigant cannot by coupling a summary action with an ordinary action, deprive the defendant of his right to have the ordinary action instituted legally, i. e., through service of a copy of the petition and citation and not by rule or summary process."

The court further pointed out in that case that, " * * * If the plaintiff failed to prove the alleged misconduct of his partner, the district judge would be obliged to dismiss his suit and, therefore, there would be no reason for the trial judge to order a partition of the property of the partnership or the liquidation of its affairs. * * * "

That statement is applicable to the instant case, for here, if the plaintiff fails to prove the existence of the partnership as alleged, the judge would be obliged to dismiss his suit, and there would be no reason for an audit of defendants' books.

It appears to me that the majority opinion establishes a dangerous precedent of requiring a defendant to submit to the audit of his books and records if the plaintiff merely files a suit in which he alleges the existence of the partnership between him and the defendant and seeks summary process by praying for such an audit, although the defendant may strenuously deny the existence of such a partnership. Such a procedure is an unlawful invasion of the defendant's private business. As stated hereinabove, plaintiff can have the books produced in open court by means of a writ of

subpoena duces tecum if they are necessary to prove the existence of the partnership, but in my opinion he is not entitled to a summary order for the auditing of such books.

For these reasons I respectfully dissent.