341 So.2d 629 (1977)
Jack Elmer BUNN
v.
O. L. BUNN, INC., et al.
No. 7797.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
*630 Judge Thaddeus Fanguy, Houma, for plaintiff-appellant.
Baldwin, Haspel, Rainold, Meyer, Reso, Dussom & Little, Robert R. Rainold, New Orleans, for defendants-appellees, O. L. Bunn, Inc. and Mrs. Lucille Bunn Pierce.
Before SAMUEL, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
We are confronted with the question whether an involuntary proceeding for the dissolution and liquidation of a corporation may be instituted by summary process.
Plaintiff, a shareholder of O. L. Bunn, Inc., filed suit requesting the involuntary liquidation of the corporation. The petition contained a prayer for an order directing the defendants to show cause why the corporation should not be placed in involuntary judicial liquidation.[1] Plaintiff appeals from a judgment maintaining an exception of unauthorized use of summary proceedings. We affirm.
Those matters which may be tried or disposed of by summary proceedings are set forth in LSA-C.C.P. art. 2592.[2] Plaintiff relies on Section (9)[3] of that article: "All other matters in which the law permits summary proceedings to be used." According to plaintiff, the "law" permitting the use of summary proceedings in this case is LSA-R.S. 12:146(A) which reads:
§ 146. Dissolution proceedings under judicial supervision; procedure; powers of liquidator
"A. Dissolution under supervision by the court is a summary proceeding."
We do not find authority, as plaintiff suggests, that this statutory provision authorizes the commencement of a suit for liquidation of a corporation by summary process. Although § 146(A) states that "dissolution" is a "summary proceeding", LSA-R.S. 12:141(A)(B) defines when the dissolution takes effect. This section provides:
§ 141. Dissolution voluntary or involuntary, out of court or under judicial supervision; effect of proceeding for dissolution
*631 "A. A corporation may be dissolved and liquidated either voluntarily or involuntarily. If the proceedings are voluntary, they may be conducted either out of court or subject to supervision by the court. If the proceedings are involuntary, they shall be subject to supervision by the court.
"B. A proceeding for dissolution takes effect:
(1) When the appointment of a liquidator appointed by the shareholders becomes operative as provided in R.S. 12:142(B), if the proceeding, when commenced, is not subject to supervision by the court; or
(2) When the court has appointed, pursuant to R.S. 12:142(D) or 143(E), a judicial liquidator or a temporary liquidator, if the proceeding, when commenced, is subject to the supervision of the court."
Further, LSA-R.S. 12:143(E) provides:
§ 143. Involuntary proceedings for dissolution; grounds; institution; appointment of liquidator
"E. The court may, after trial, appoint a judicial liquidator, and may, ex parte pending trial, appoint a temporary liquidator whose authority shall cease upon appointment of a judicial liquidator, upon dismissal of the petition, or upon appointment of a receiver."
As we interpret these statutes, we are led to conclude that a suit for dissolution and liquidation of a corporation must be commenced via ordinaria. The statutes clearly indicate that summary process only comes into use when the proceeding for dissolution takes effect, i. e., after the court orders dissolution and makes the appointment of a judicial liquidator. The mere filing of a suit for dissolution does not place the corporation in liquidation. The proceeding to determine the initial question is one requiring the use of ordinary proceedings.
On the other hand, summary process is permitted for resolution of those matters growing out of the dissolution and liquidation. It is clearly contemplated that the use of summary proceedings is necessary to expedite the corporate liquidation. It is equally clear that "summary proceeding" referred to in § 146(A) relates to consideration of matters after the initial question has been determined, i. e., whether the corporation is to be involuntarily dissolved. A suit seeking involuntary corporate dissolution and liquidation must be brought via ordinaria.
We reject further plaintiff's argument that the time delays involved in a suit via ordinaria may result in dissipation of corporate assets to the prejudice of creditors and stockholders. This contention is disposed of by the clear wording of LSA-R.S. 12:143(E), supra, which provides for the appointment of a temporary liquidator pending determination of the demand for involuntary dissolution. As defendants point out, this appointee would maintain the status quo and preserve the assets of the corporation pending ordinary trial on the merits.
Finally, we find no merit to plaintiff's contention that a suit for the involuntary liquidation of a corporation is not the kind of case requiring ordinary delays for answer, for filing exceptions and for use of discovery permitted in proceedings via ordinaria. LSA-R.S. 12:143(A)[4] sets forth nine *632 grounds for involuntary dissolution. We cannot say, as claimed by plaintiff, that the proof required either to establish or to defend the grounds for dissolution is such that a trial on the merits by ordinary procedure is not necessary. Indeed, the grounds for dissolution suggest the need for protracted preparation. Accordingly, we conclude plaintiff must proceed via ordinaria. The judgment maintaining the exception of unauthorized use of summary proceedings is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff seeks the appointment of a judicial liquidator. The petition also contained a request, later withdrawn by plaintiff, for the appointment of a temporary liquidator pending trial on the merits.
[2] LSA-C.C.P. art. 2592 reads as follows:

Art. 2592. Use of summary proceedings
"Summary proceedings may be used for the trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation;
(2) An application for a new trial;
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause;
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted;
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative;
(6) A habeas corpus, mandamus, or quo warranto proceeding;
(7) The determination of the rank of mortgages on property sold judicially, and of the order of distribution of the proceeds thereof;
(8) The original granting of, subsequent change in, or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants; and
(9) All other matters in which the law permits summary proceedings to be used."
[3] Although not specifically set forth in plaintiff's brief, this section is the only authority for use of summary proceedings in the instant case.
[4] LSA-R.S. 12:143(A) reads as follows:

§ 143. Involuntary proceedings for dissolution; grounds; institution; appointment of liquidator
"A. The court may entertain a proceeding for involuntary dissolution under its supervision when it is made to appear that:
(1) The corporate assets are insufficient to pay all just demands for which the corporation is liable, or to afford reasonable security to those who may deal with it; or
(2) The objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable; or
(3) It is beneficial to the interests of the shareholders that the corporation should be liquidated and dissolved; or
(4) The directors are deadlocked in the management of the corporate affairs, and the shareholders are unable to break the deadlock; or
(5) The shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired or would have expired upon the election of their successors; or
(6) The corporation has failed, neglected, or refused, without justifiable cause, to commence business within a period of one year from the date of its incorporation, or, after commencing business, has suspended business for at least one year, and has no real intention of commencing or resuming business; or
(7) The corporation has been guilty of gross and persistent ultra vires acts; or
(8) Judgment has been entered annulling, vacating or forfeiting the corporation's articles and franchise in accordance with the provisions of R.S. 12:163; or
(9) (a) A receiver has been appointed under R.S. 12-151 to take charge of the corporation's property, and either (b) there is no reasonable prospect of return of control of the corporation to its shareholders within a reasonable time or (c) the business of the corporation is operating at a loss and there is no reasonable prospect of restoring it to profitable operation within a reasonable time."