GULOTTA, Judge.
In these consolidated cases involving dissolution of a medical partnership, Arthur J. Morris, M.D. appeals from a judgment terminating the partnership and appointing a judicial liquidator. According to ■ Morris, the trial judge erred in rendering the judgment after a summary proceeding instead of an ordinary trial on the merits. We agree. Accordingly, we reverse and remand the matter to the trial court.
After practicing radiological medicine together for approximately ten years, Morris and his partner, Phillip H. Meyers, M.D., developed irreconcilable professional differences. On April 15, 1981, Meyers filed a “Petition for Dissolution, Liquidation, Accounting and Partition of the Medical Partnership” and a rule to show cause why the books and records of the partnership should not be examined by an auditor. Only minutes later, Morris filed a petition for injunctive relief, seeking to enjoin Meyers from disposing or encumbering partnership assets until the partnership could be judicially terminated and liquidated.
Both actions were allotted to the same division of the Civil District Court. Meyers amended his petition to likewise include a claim for injunctive relief. The trial judge issued temporary restraining orders in favor of both physicians.
The rule on the preliminary injunction claims was tried on May 12, May 20, and June 5, 1981. In two separate judgments rendered on June 29, 1981, the trial judge dismissed each doctor’s petition for injunc-tive relief. In a separate order, on Meyers’ motion for appointment of himself as judicial liquidator of the partnership, the trial court “deferred” appointment of a liquidator “until such time as the parties submit to the court qualified liquidators other than the parties themselves.... ”
In extensive • “Reasons for Judgment”, the trial judge stated that neither physician had proven “irreparable harm” entitling him to injunctive relief. Although he did not render a judgment dissolving the partnership, the judge further noted in his reasons that Meyers had given Morris “bona fide and seasonable” notification of renunciation of the partnership prior to January *1228 1, 1981, that the pre-1981 partnership articles of the Civil Code therefore applied, and that the partnership had been “dissolved” during 1980, “except for liquidation purposes”.
Morris appealed the denial of the preliminary injunction, and amended his petition to seek damages against Meyers. Morris alleged that Meyers had “usurped and converted the partnership business” on or after January 1, 1981, or, alternatively, that Meyers’ withdrawal from the partnership, even if prior to January 1, 1981, was “of no effect being not bona fide and unseasonable”. In both his amended petition and his answer to Meyers’ original petition for dissolution, Morris prayed for a jury trial on the merits.
On September 29, 1981, while Morris’ appeal from the refusal of the preliminary injunction was pending,[1] Meyers filed a rule to show cause why a judicial liquidator should not be appointed. Morris opposed the summary appointment of a liquidator on the grounds that the only matter that had theretofore been heard and adjudicated was the claim for a preliminary injunction, and that no trial had taken place on the merits of the claim for dissolution of the partnership.
Meyers’ rule for appointment of a judicial liquidator was allotted to a trial judge different from the one who had tried the rule for a preliminary injunction. On November 29,1982, after reviewing the record of the earlier injunctive proceeding, particularly the first judge’s comments concerning termination of partnership, the new trial judge decreed that the partnership had been terminated and dissolved effective December 31, 1980. He rendered a judgment liquidating the partnership and appointing a judicial liquidator. It is from this judgment that Dr. Morris now appeals.
We find merit to Morris’ argument that the trial court erroneously dissolved the partnership and appointed the judicial liquidator on a summary rule.
LSA-C.C. Art. 2834, concerning liquidation of a partnership, provides in pertinent part:
“In the absence of contrary agreement, a partnership is liquidated in the same manner and according to the same rules that govern the liquidation of corporations. ...”
In Bunn v. O.L. Bunn, Inc., 341 So.2d 629 (La.App. 4th Cir.1977), we held that a suit for dissolution and liquidation of a corporation must be commenced through ordinary procedure, and that summary process is proper only to expedite the corporate liquidation after the initial question of dissolution has been determined via ordi-naria. Reading LSA-C.C. Art. 2834 together with our decision in Bunn, we conclude that dissolution of the medical partnership in the instant case can only be accomplished after an ordinary trial on the merits.[2]
It is apparent from the pleadings and the record in the instant consolidated cases that only summary hearings have taken place on the questions of a preliminary injunction and appointment of a liquidator. We therefore conclude the trial judge erred in dissolving the partnership and appointing a liquidator without trial on the merits under ordinary procedure.
Although it is true that the first trial judge, in his written reasons for denying injunctiye relief, gratuitously commented that the partnership had been dissolved as of the end of 1980, his comments are only dicta. Indeed, in the course of trial on the rules for preliminary injunctive relief, the judge made it abundantly clear that he was not partitioning the partnership or trying the case on the merits but was only deciding whether or not to continue the partnership under the temporary restraining order. The first judge’s observations concerning *1229 the termination of the partnership cannot, therefore, form a basis for a judgment of dissolution and liquidation absent a trial on the merits.
We recognize that much of the testimony adduced at the preliminary injunction hearings, concerning the time and circumstances of the partners’ dealings in late 1980 and early 1981, is pertinent and germane to a decision on the merits dissolving the partnership. Nonetheless, even though such evidence has been presented on the rule for a preliminary injunction, the case must be determined on its merits only after a full trial under ordinary process, unless the parties have agreed otherwise. Williams v. Board of Sup ’rs., Etc., 388 So.2d 438 (La.App. 2nd Cir.1980). There are serious questions concerning the nature and circumstances of the partners’ differences that have an impact on the law to be applied and the relief, if any, to be granted. These issues are not properly resolved in summary proceedings.
Accordingly, the judgment of November 29, 1982, decreeing the dissolution of the medical partnership between Arthur J. Morris, M.D. and Phillip H. Meyers, M.D. and appointing a judicial liquidator, is reversed and set aside. The matter is remanded to the trial court for further proceedings consistent herewith.
REVERSED AND SET ASIDE; REMANDED.

. Dr. Morris later abandoned his appeal from the denial of injunctive relief.

. Although LSA-C.C. Art. 2834, effective January 1, 1981, is part of the 1980 revision of the Louisiana partnership law, an earlier case, Dunlap v. Ramsey & Dunlap, 191 La. 158, 184 So. 710 (1938), construing the earlier codal partnership articles, likewise held that an action for dissolution of a partnership (not terminated by the death of a partner) is by ordinary process.