GULOTTA, Judge.
In this litigation involving liquidation of a medical partnership, Rudolph J. Bourgeois, M.D. appeals from judgments ordering liquidation of the partnership under court supervision and establishing April 27, 1983 as the date of its dissolution. We affirm.
On February 21, 1983, Dr. Bourgeois and his four physician-partners in The Surgical Clinic of East New Orleans signed an “Agreement and Compromise” to separate their medical practice according to detailed and explicit stipulations. The agreement provided, inter alia, for removal of certain physicians from the suite then occupied by the partnership, reference of callers to the respective doctors at their new telephone numbers, announcements and advertisements by the departing doctors, disposition of all patient records, and the naming of a liquidator to disburse partnership funds and assets.
Of particular concern to the partners was the leasing of new office space by the *652 departing doctors. Specifically, Dr. Raymond A. Schwarz agreed to assume responsibility and liability for the partnership’s current lease of office space and to “hold harmless and indemnify Dr. Bourgeois” (who was also a signatory to that lease) from any and all claims and obligations arising under the lease.[1] The departing doctors were to enter new lease arrangements for other office space, but if they did not do so within a specified time, the “Agreement and Compromise” was to be nullified. On the other hand, the Agreement further provided that once satisfactory, written lease arrangements had been made by the departing doctors, “... the Partnership shall be dissolved the following day, when a consent to dissolve shall be signed by all the partners.”
Dr. Bourgeois subsequently refused to sign the “consent to dissolve”; whereupon Dr. Schwarz and his assenting partners filed a rule nisi on November 18, 1983, entitled “Petition to Confirm Liquidator in Non-judicial Liquidation of Partnership”. This petition alleged that all the terms and conditions of the “Agreement and Compromise” had been performed, and prayed for liquidation of the partnership under court supervision.
In opposition to this rule to show cause, Dr. Bourgeois filed exceptions of unauthorized use of summary proceedings and no cause of action. Dr. Bourgeois argued that the petition was actually a suit to dissolve the partnership, and could only be brought under ordinary, not summary process. He further contended that the petition failed to state a cause of action for liquidation because the partnership must first be dissolved before being liquidated.
In written “REASONS FOR JUDGMENT” overruling Dr. Bourgeois’ exceptions, the trial judge stated that the detailed “Agreement and Compromise” was “really an agreement to dissolve and liquidate” signed by all the partners. He further stated:
“At a bench conference, with the court having before it the pleadings and the Agreement, counsel for Dr. Bourgeois conceded that the partners have been engaged in painful intra-partnership litigation for three years and the purpose of the Agreement was to bring an end to this intolerable situation. He further candidly stated that the only stumbling block to the full implementation of the Agreement to Dissolve and Liquidate is a disagreement which has arisen between Drs. Bourgeois and Schwarz involving Dr. Schwarz’ indemnification of Dr. Bourgeois under Article VI of the Agreement. It is conceded that Dr. Schwarz has tendered an Indemnification which is otherwise satisfactory, except that Dr. Schwarz refuses to include a liquidated damages clause for $100,000 which is demanded by Dr. Bourgeois.
“This demand by Dr. Bourgeois is obviously capricious and arbitrary and far beyond the undertakings to which Dr. Schwarz is committed under the Agreement. The same thing may be said of Dr. Bourgeois’s refusal to sign a so-called “Dissolution.” The Agreement is a contract to dissolve and liquidate predicated on suspensive conditions, all of which have been satisfied according to counsel’s concessions at the bench conference, and Dr. Bourgeois cannot impede the further execution of the Agreement by arbitrarily refusing to comply with the formality of executing a “Disso *653 lution” which he is now obliged to execute. See Article XIII of the Agreement.
“Accordingly, I overrule the exceptions and grant the relief sought in the rule nisi so that the liquidation can proceed in the manner meticulously spelled out in the Agreement between all of the parties, but subject to the court’s supervision.”
Dr. Bourgeois’ applications for supervisory writs from the trial court’s judgment were denied in this court and the Supreme Court. He subsequently filed the instant devolutive appeal.
During the ensuing court-supervised liquidation, the liquidator filed a summary rule asking the court to specify the date of partnership dissolution. He alleged that some of the partners had actually terminated all partnership transactions as of April 27, 1983, but questioned whether the date of dissolution of the partnership was on May 27, 1983, when the court ordered the court-supervised liquidation. In an August 1, 1983 judgment, the trial court established April 27, 1983, as the “date of the dissolution of the partnership”. Dr. Bourgeois has protectively appealed from this judgment also.
In support of his argument that the trial court erred in ordering dissolution and liquidation of the partnership on a summary rule to show cause, Dr. Bourgeois cites the established rule that a proceeding to determine the dissolution or termination of a partnership requires the use of ordinary process. LSA-C.C. Art. 2834; Dunlap v. Ramsey and Dunlap, 191 La. 158, 184 So. 710 (1938); Bunn v. O.L. Bunn, Inc., 341 So.2d 629 (La.App. 4th Cir.1977). See also Partnership of Meyers & Morris v. Meyers, 451 So.2d 1227 (La.App. 4th Cir.1984). Although we do not quarrel with these authorities, we conclude that they do not apply in the instant case.
A suit to dissolve a partnership must be brought as an ordinary proceeding; however, liquidation under the court’s supervision may proceed in a summary manner once the partnership has been dissolved. LSA-C.C. Art. 2834; LSA-R.S. 12:146; Bunn v. O.L. Bunn, Inc. supra; Partnership of Meyers & Morris v. Meyers, supra.
LSA-C.C. Art. 2826 provides that a partnership may be terminated either by the unanimous consent of its partners or by a judgment of termination. As pointed out by the trial judge, the partners of The Surgical Clinic of East New Orleans unanimously agreed, out of court, to dissolve and liquidate their partnership in the “Agreement and Compromise” executed by them on February 21, 1983, although the agreement is dependent on Article VIII’s suspensive condition: “In the event that satisfactory, written lease agreements are made by those departing doctors, the Partnership shall be dissolved the following day, when a consent to dissolve shall be signed by all the partners.” (Emphasis ours.) It is undisputed that the departing doctors have made new lease arrangements. Accordingly, we conclude, as did the trial judge, that the suspensive conditions to dissolution have been satisfied and the partnership was dissolved by the extrajudicial consent of the partners.
We reject Dr. Bourgeois’ argument that the partnership remains undissolved because of his failure to sign the “consent to dissolve” contemplated by the “Agreement and Compromise”. The “consent to dissolve” is not truly a suspensive condition to dissolution, but is merely a self-activating stipulation of dissolution that was a fait accompli once the true suspensive conditions were met.
A reading of the “Agreement and Compromise” discloses that the real purpose of the “consent to dissolve” is to fix a benchmark or specific date of record for the convenience of the liquidator in disbursing partnership assets. Indeed, the trial court’s later judgment establishing April 27, 1983 as the “date of the dissolution of the partnership”, in response to the liquidator’s rule, recognizes as much.
As noted by the trial judge, Dr. Bourgeois cannot impede the further execution of the Agreement by arbitrarily refusing to *654 comply with this formality. The same may be said of the indemnification agreement to be reached between Drs. Schwartz and Bourgeois, which is not a suspensive condition to dissolution of the partnership but rather an ancillary detail to be resolved by the parties.
Moreover, assuming arguendo that the “consent to dissolve” is a suspensive condition, it is self-activating because the other conditions to dissolution have been satisfied. Dr. Bourgeois’ unilateral refusal to sign constitutes a willful prevention of the fulfillment of the condition. Under such circumstances, the condition is considered fulfilled, despite his failure to sign. LSA-C.C. Art. 2040[2]; Groghan v. Billingsly, 313 So.2d 255 (La.1975), writ denied 318 So.2d 46, 48 (1975).
Accordingly, we conclude the partnership was dissolved by the unanimous consent of the partners in signing the “Agreement and Compromise” subject to suspensive conditions that have since been satisfied. The subsequent rule for liquidation of the partnership under court supervision, therefore, was properly brought under summary process. We find no error in the trial judge’s overruling of the exceptions of unauthorized use of a summary proceeding and no cause of action.
In so holding, we reject Dr. Bourgeois’ contention that he has been denied a hearing on the partnership dissolution. According to Dr. Bourgeois, the trial court’s bench conference on the exceptions did not afford him an opportunity to present evidence on the merits of the rule before judgment was rendered. We disagree.
Whether the “Agreement and Compromise” constitutes a unanimous consent by the partners to dissolve the partnership is essentially a legal question. Although the trial judge made a factual conclusion that the suspensive conditions in the Agreement had been satisfied, based on oral concessions by counsel, the attorney now seeks to mount what is essentially an attack on the trial judge’s credibility. Furthermore, it is undisputed that the essential condition triggering the dissolution was the obtaining of new leases by the partners. The “circumstances” referred to in the “Reasons for Judgment” and complained of by Dr. Bourgeois are meaningless. There is no serious claim that the new leases were not entered into. They were obviously obtained.
Finally, we note that in his earlier writ applications both in this court and the Supreme Court, Dr. Bourgeois has raised arguments similar to those now urged in this appeal. In denying the writ application, we concluded that there was no showing that the trial judge had “in any way exceeded his discretion”[3] by overruling Dr. Bourgeois’ exceptions to the rule for liquidation. Nonetheless, we have chosen to address the merits of Dr. Bourgeois’ contentions on appeal rather than relying on our earlier writ disposition as the “law of the case”. Our prior denial of our discretionary writ jurisdiction did not constitute a full adjudication by us of the issues involved, although, the result on appeal is not inconsistent with the earlier writ disposition. See Day v. Campbell-Grosjean Roofing & Sh. Metal Corp., 260 La. 325, 256 So.2d 105 (La.1971).
Accordingly, we affirm the judgments of the trial court.
AFFIRMED.
SCHOTT, J., concurs with written reasons.

. The agreement provides, in pertinent part:
"The lease on suite 450 at the Medical Center of East New Orleans shall be retained by Dr. Schwarz for the practice of medicine and surgery, who will assume the responsibility and liability in connection with that current lease and, further, shall hold harmless and indemnify Dr. Bourgeois, who is presently a signatory to that lease, of and from any and all claims and obligations arising thereunder, including without limitation, all costs, attorney's fees, any claims for rent accelleration and any claim for damages, liquidated or otherwise, incurred in connection with any breach of the lease or any obligations arising under it. Drs. Schwarz and Bourgeois will execute such additional documentation as is deemed necessary by Dr. Rudolph J. Bourgeois to effectuate this provision."

. Art. 2040. Fulfillment prevented by party bound to perform
The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it.

. The full text of our disposition in Writ No. C-0956 on June 17, 1983, reads as follows:
"WRITS DENIED."
“The application, opposition, and response considered it is apparent that the trial judge properly is seeking to bring to a conclusion the long delayed progress in this case. There is no showing that he has in any way exceeded his discretion."
Dr. Bourgeois' subsequent writ application to the Supreme Court was unanimously denied without opinion.