WRIT GRANTED AND MADE PEREMPTORY
BARRY, Judge.
This matter involves the validity of a judgment on a rule to show cause ordering *775 Guy Olano, Jr. to pay $25,000.00 to the judicial administrator and receiver of a partnership.
On October 11, 1983 Olano, a partner in commendam in “Marigny Royal, A Partnership in Commendam” filed suit seeking dissolution, liquidation, an accounting and partition of the partnership. On October 12, 1983 the trial court issued a temporary restraining order prohibiting further alienation of the partnership assets pending dissolution of the partnership. Harold Wheeler was appointed Judicial Administrator and Receiver of Marigny Royal and was ordered to make an inventory and audit of the partnership property.
On October 16, 1984 the Receiver filed three rules asking that Olano and his partner, Jacob Senter, show cause why they should not be ordered to pay certain sums to the partnership. The first rule alleged that the two partners removed funds from the partnership for their personal use and sought return of those funds. The second and third rules sought to hold the partners personally liable for insurance premiums and maintenance fees owed by the partnership.
A hearing was set for November 2, 1984. Olano filed a motion for continuance which was denied. Olano then filed an exception of improper use of summary proceedings which was opposed by the Receiver because of its late submission. The hearing on the rules took place as scheduled with no opposition argument allowed. Olano moved to dismiss the entire suit and the motion was denied.
Following the hearing the trial court issued a judgment ordering Olano and Senter to each pay $25,000.00 to the Receiver. Trial on the merits was scheduled for November 5, 1984. Olano filed this writ application, to reverse the judgment.
Our determination is whether summary proceedings were proper to hold a limited partner personally liable for sums allegedly due a partnership prior to dissolution of that partnership. We conclude that use of summary proceedings was improper and reverse.[1]
Those matters which may be tried or disposed of by summary proceedings are set forth in La.C.C.P. Art. 2592.[2] The Receiver argues the use of summary proceedings was appropriate because the actions seeking return of funds to the partnership and payment of insurance premiums and maintenance fees were “incidental questions arising in the course of litigation”. C.C.P. Art. 2592(1).
*776 The matter cannot be considered an incidental question arising in the course of the litigation to dissolve the partnership. The judgment of the trial court holds Olano personally liable for obligations of the partnership. La.C.C. Article 2840 limits the liability of a partner in commendam for partnership obligations to the amount of the agreed contribution. This liability may be increased in certain instances. La.C.C. Art. 2839, 2845, 2846, 2847. Whether Ola-no conducted activities inconsistent with his capacity as a limited partner which would make him liable beyond his stated partnership contribution involves the resolution of disputed factual issues not incidental to the litigation seeking dissolution of the partnership. The question admittedly arises as a result of that litigation, but is a separate controversy certainly not incidental to it.
Generally, summary proceedings are allowed where the issue to be resolved is narrow, and the need for rapid adjudication is great. Clay v. Clay, 389 So.2d 31 (La.1979). Such is not the case here.
This court has held that a suit for dissolution and liquidation of a corporation must be commenced through ordinary proceedings, and that summary process is proper only to expedite the corporate liquidation after the initial question of dissolution has been determined through ordinary process. Bunn v. O.L. Bunn, Inc., 341 So.2d 629 (La.App. 4th Cir.1977). The same rule applies to a partnership. La.C.C. Art. 2834; Partnership of Meyers & Morris v. Meyers, 451 So.2d 1227 (La.App. 4th Cir.1984).
The trial court erred in using summary process to hold Olano personally liable for obligations of the partnership prior to dissolution of that partnership. The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.
WRIT MAINTAINED; JUDGMENT OF TRIAL COURT REVERSED; REMANDED.

. In his application for writs, Olano raises eight assignments of error. Because we find merit to the assignment alleging improper use of summary procedure, we pretermit discussion of the other errors. We note, however, that one assigned error objects to a rule to show cause filed by a non-party to the litigation in an attempt to intervene in the litigation. This objection is not before us, because the trial court did not act on this rule.

. La.C.C. Art. 2592 provides:
Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus or quo war-ranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent changes in, or termination of child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants.
(9) An action to annul a probated testament under Article 2931.
(10) All other matters in which the law permits summary proceedings to be used.