I! SAUNDERS, Judge.
This appeal arises out of a peremptory exception of prescription granted by the trial court in favor of the appellee, Harseo Corporation (Harseo).
Appellant, Byrian Wilridge, claims that the trial court erred in finding that his claim has prescribed and further in refusing to allow the introduction of claims filed against and on behalf of Capitol Manufacturing Company.
Harseo claims that an otherwise timely suit filed against Capitol Manufacturing Company, a division of Harseo Corporation, did not interrupt prescription against 12Harsco since Wilridge intentionally withheld service of process of his action against any party for several years. We reverse.

FACTS AND PROCEDURAL HISTORY

Wilridge was allegedly injured on June 28, 1990, while employed by Capitol Manufacturing Company. Wilridge was apparently terminated by Capitol on July 27,1990. Harseo claims Wilridge was terminated due to job abandonment. On July 10, 1991, Wilridge filed suit in district court, claiming damages and attorney fees due to wrongful termination. Paragraph One of the petition states, “made defendant herein is CAPITOL MANUFACTURING COMPANY, A DIVISION OF HARSCO CORPORATION, a foreign corporation domiciled in Wilmington, Delaware.”
At the time of the filing of the petition, Wilridge instructed the clerk to withhold service. The defendant was served on November 10, 1994; however, the district court sustained Harsco’s exceptions of lack of procedural capacity and insufficiency of citation, holding that Capitol Manufacturing Company was not a proper party defendant since it was merely a division of Harseo Corporation. On March 11, 1996, this court denied the plaintiff’s writ application, finding no error in *968 the trial court’s judgment on the above dilatory and declinatory exceptions.[1]
On November 22, 1996, Wilridge served Harsco with an amended petition, and following a contradictory hearing, Harsco obtained a dismissal of the action based upon its peremptory exception of prescription. At the hearing, plaintiff attempted to admit evidence which shows that defendant, in the past, had both defended and initiated lawsuits in the name of Capitol Manufacturing Company. The trial judge ^disallowed this evidence since plaintiffs attorney could cite no authority supporting its position.
We hold that the trial court erred in sustaining the defendant’s objection to the introduction of this evidence. We further hold that the granting of the peremptory exception of prescription was improper.

LAW AND ARGUMENT

EQUITABLE ESTOPPEL

In his assignments of error, Wilridge relies on the theory of “detrimental reliance,” claiming that he relied on representations of Harsco Corporation that its proper name was Capitol Manufacturing Company. We believe this claim has merit. This concept, also know as equitable estoppel, is explained in the case of Morris v. Friedman, 94-2808 (La.11/27/95), 663 So.2d 19. Equitable estop-pel is defined as, “ ‘the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.’ ” Id. at 25, quoting John Bailey Contractor, Inc. v. State Dep’t of Transp. & Dev., 439 So.2d 1055, 1059 (La.1983).
We acknowledge that “estoppels are not favored in our law” and appear to be used as “a doctrine of last resort.” Id. Nevertheless, the evidence offered by Wilridge should have been admitted in order to allow the trial court to determine whether the principle of equitable estoppel should apply.
The evidence proffered by appellant establishes that appellee has been sued several times in the name of Capitol Manufacturing Company. More importantly, the proffered evidence contains a copy of a suit filed on behalf of Capitol Manufacturing Company. It is the opinion of this court that once the appellee had taken the affirmative step of using the name Capitol Manufacturing Company as a party plaintiff 14in initiating a lawsuit, this assertion became a matter of public record, and a third party is reasonable in relying on those records in naming Capitol Manufacturing Company as a party defendant.[2] We find it also relevant that nowhere in the appellate record is it shown that Capitol Manufacturing Company has ever been sued as Harsco Corporation.
The question now becomes whether Har-seo’s holding itself out to be Capitol Manufacturing Company is sufficient to estop it from changing its position. In light of the foregoing, we believe it is, and Harsco has failed to show why Wilridge was unreasonable in relying on the public records.
In countering appellant’s detrimental reliance argument, Harsco merely states that it was Wilridge’s intentional withholding of service beyond the prescriptive period which caused liberative prescription to accrue. However, this argument is not persuasive since Capitol Manufacturing Company was in fact a proper party defendant and suit was *969 obviously filed within one year of plaintiffs termination.
It should be pointed out that had Harseo not held itself out to be Capitol Manufacturing Company, i.e., notwithstanding the principle of equitable estoppel, Harseo may have had a legitimate claim under Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). Under Ray, an amended petition which changes the identity of a party sued relates back to the filing of the original petition if four elements are satisfied. These include:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
ls(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Id. at 1087.
In this case, the second element is not fulfilled since Wilridge has not shown that Harseo had received actual or constructive notice of the claim within the one-year prescriptive period. See Abercrombie v. V.P. Realty and Constr. Co., 532 So.2d 212 (La.App. 3 Cir.1988).
In spite of this analysis under Ray, we reach a different conclusion under the equitable estoppel principles outlined above. In other words, since Harseo is estopped from, claiming that Capitol Manufacturing Company is not a proper party defendant, Harseo was effectively named as a defendant in the original petition, and as such, prescription was interrupted.

DECREE

For the foregoing reasons, we reverse the trial court’s ruling granting Harseo Corporation’s peremptory exception of prescription and remand this case to the trial court for further disposition not inconsistent with the opinions stated herein. All costs of this appeal are assessed to Harseo Corporation.
REVERSED AND REMANDED.
AMY, J., dissents.

. Although we originally agreed with the trial court that Capitol Manufacturing Company was not a proper party defendant and denied appellant’s writ application, we now come to a different conclusion, having the benefit of the complete record and all relevant facts before us on appeal. We further note that we are not barred from ruling on this issue under the "law of the case” doctrine since our writ ruling does not reflect a prior and full adjudication by us on the merits of appellant’s contentions. See Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971); Schwarz v. Bourgeois, 459 So.2d 650 (La.App. 4 Cir.1984).

. We emphasize the fact that Harsco has used the name "Capitol Manufacturing Company” as a party plaintiff. As opposed to being in the position of a party defendant, which has the option of either raising exceptions or submitting to the jurisdiction of the court by making an appearance, a party plaintiff, in bringing the action, has made a unilateral declaration of its status as a party in an action.